CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL KELLY, | ) | CASE NO. 7:14CV00663 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| CARL F. HACKNEY, DMD, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Christopher Michael Kelly, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleges that the defendant jail dentist violated Kelly's constitutional rights, when he extracted Kelly's impacted tooth without doing an x-ray, leaving a hole in his sinus cavity that became infected and required repair by an oral surgeon. Upon review of these allegations, the court concludes that the complaint must be summarily dismissed for failure to state any constitutional claim actionable under § 1983.

Kelly is incarcerated at the Tazewell Regional Jail Facility in Tazewell, Virginia. According to Kelly, on July 18, 2014, the dentist extracted a tooth from the upper right side of his mouth. On July 20, Kelly showed the jail staff a hole where his tooth had been up into his sinus cavity. He received antibiotics within a couple of days and was referred to the dentist. At his dental appointment on August 8, 2014, the dentist "apologized, packed [the] hole, [and] placed stitches to 'close up' the hole." (Compl. 3.)

The hole in Kelly's mouth opened up again within a few days, and staff provided him with medication. The dentist examined Kelly again on August 29 and was prepared to stitch up the hole, but instead, decided to refer Kelly to an oral surgeon for the procedure. While waiting to see the surgeon, Kelly twice developed an infection, and the jail doctor placed him on

antibiotics. The oral surgeon cleaned and restitched Kelly's mouth on October 10, 2014, and prescribed pain medication and an antibiotic for ten days, but the surgery spot continued to cause Kelly discomfort for several days.

Kelly filed this § 1983 complaint against the dentist for extracting his tooth without doing an x-ray and for waiting two months to refer him to the oral surgeon. As relief, Kelly seeks compensatory damages to cover the debt he owes the jail for medical expenses.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A § 1983 plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Prisoners, whether awaiting trial or already convicted and sentenced, are constitutionally entitled to necessary medical treatment of known, serious medical needs.[1] Dental care has been recognized as an important medical need for inmates. Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir. 1980). To prove that his course of dental treatment amounted to a constitutional violation, a detainee must show that the jail official to whose care he was committed exhibited "deliberate indifference to [his] serious medical needs." Estelle, 429 U.S. at 104. An official is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

---

[1] See Estelle v. Gamble, 429 U.S. 97 (1976) (convicted inmates' right under Eighth Amendment); Hill v. Nicodemus, 979 F.2d 987 (4th Cir. 1992) (pretrial detainee's right to be free from any form of punishment under Fourteenth Amendment Due Process Clause requires jail officials not to be deliberately indifferent to detainee's serious medical needs). Whether Kelly was a pretrial detainee or a convicted inmate at the time of the alleged violations, the court's analysis would be the same. Although a pretrial detainee's right to medical treatment arises under the Fourteenth Amendment, courts have consistently defined that right by reference to the Eighth Amendment standard as set forth in Estelle v. Gamble. See, e.g., Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990).

2

The mere fact that a prisoner may believe his condition required different or faster treatment does not establish a constitutional violation. Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, an inadvertent or negligent failure to provide adequate medical care does not amount to a constitutional violation. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Kelly's allegations indicate that, regrettably, he suffered infection and pain after the tooth extraction. However, he does not state facts suggesting that the doctor knew that failure to perform an x-ray, or that trying to stitch up the hole himself before referring Kelly to the specialist, created an excessive risk of physical harm to his patient. Kelly's disagreement with the dentist's treatment choices does not support a finding of deliberate indifference. Rather, his allegations accuse the dentist of negligence in misdiagnosing the tooth as being impacted, in failing to perform an x-ray, and in performing the procedures themselves. Such allegations of medical negligence do not state any claim of deliberate indifference and are not actionable under § 1983.[2] Therefore, the court dismisses the action without prejudice under § 1915A(b)(1). An appropriate order will issue this day.

The Clerk will send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of February, 2015.

*/s/ signature*
Chief United States District Judge

---

[2] To the extent that any of Kelly's allegations give rise to possible claims under state law, the court declines to exercise supplemental jurisdiction over them, pursuant to 28 U.S.C. § 1367(c) and will dismiss them without prejudice.

3